IN THE MATTER OF THE PETITION OF THE UNION ELEVATED RAILROAD COMPANY OF BROOKLYN, APPELLANT AND RESPONDENT, RELATIVE TO ACQUIRING TITLE TO CERTAIN REAL ESTATE, OR INTEREST THEREIN, AND PROPERTY OF WILLIAM G. JUGHARDT, FREDERICK KOCH AND CHRISTINA KOCH IN SAID CITY, RESPONDENTS AND APPELLANTS.

*Eminent domain — the special suitableness of property to a particular business may be shown.*

In proceedings by a railroad company for the condemnation of a right of way along a public street, the abutting landowners may give evidence to show the particular suitableness of the property to any given business.

It is a settled rule of practice not to allow costs in this special proceeding.

APPEAL by the Union Elevated Railroad Company of Brooklyn from the appraisal and report of commissioners appointed to ascertain and determine the compensation to be made to the owners of, or persons interested in the streets and premises described in the petition in this matter, and also from an order confirming the said appraisal and report, entered in the office of the clerk of the county of Kings on the 27th day of April, 1889.

APPEAL by William G. Jughardt and others from an order made in the above-entitled matter, and entered in the office of the clerk of the county of Kings on April 29, 1889, denying an award of costs to said appellants in said proceeding.

The proceeding was brought by the Union Elevated Railroad Company of Brooklyn to condemn and take certain interests in real estate, or a right of way on Myrtle avenue in the city of Brooklyn. An appraisal and report of commissioners, appointed to determine the compensation to be made to the property owners for such of their privileges, easements and property in Myrtle avenue in front of and adjacent to their premises abutting thereon, as would be taken or affected by the construction and operation of the elevated railroad of the petitioner, was made and confirmed by the court.

*George W. Wingate,* for the railroad.

*Phillips & Avery,* for the landowners.

Barnard, P. J.:

This is an appeal from an order confirming the report of commissioners appointed to appraise and condemn a right of way along Myrtle avenue, in the city of Brooklyn, in front of two separate parcels of land owned by the respondents above named.

The damages awarded for injury to the easement was the sum of $1,500 in each case. It has been the settled practice of the courts in this State not to disturb and reverse the report of the commissioners appointed in such cases, unless an error in judgment can be shown which led to the awarding of excessive and exorbitant damages. (*Matter of N. Y., L. and W. R. Co.*, 27 Hun, 116.) There is sufficient evidence in this case to support the award as found, and there is no basis for a claim that they have mistaken the principle upon which they should proceed in forming their opinion.

In regard to the objection to the admission of evidence tending to show damages to respondent's property arising from the special use thereof, in our opinion, said objection is not supported by the law of this State. In showing the market-value, and the consequent impairment to the same by the taking of an easement, the owner is at liberty to show the particular suitableness of his property to any given business. (*Matter of New York, etc., R. Co.*, 27 Hun, 116 ; *Matter of Com'rs of State Reservation*, 37 id., 537.) In the present case, the premises were used for a laundry, and the building of the railroad cut off the light which was highly needful in the conduct of the same, and the drippings from the structure ruined the clothing when it was being loaded in wagons. The owner had the right to carry on any lawful business, and the railroad, which took the easement without his consent, had no right to deprive him of any advantages which he might derive without paying for the same. The order appealed from should, therefore, be confirmed, with costs.

In reference to the appeal from the order denying the motion for costs, it has been the settled practice of the courts not to allow costs in these special proceedings. In the cases where costs have been allowed, the order appointing commissioners of appraisal has been reversed on appeal. (*Rensselaer and S. R. R. Co.* v. *Davis*, 55 N. Y., 147.) Even assuming that the court at Special Term had the power, if it so wished, to grant costs under Code of Civil Pro-

cedure, section 3240, yet, having exercised its discretion in the negative, its decision in regard to the matter will not be questioned by the appellate court unless we can see misuse or gross mistake in the exercise of the same. (*Morrison* v. *Agate*, 20 Hun, 25.)

The order denying costs appealed from should, therefore, be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Order affirmed, with costs.