(75 App. Div. 162.)

### LENHART v. STATE.

(Supreme Court, Appellate Division, Third Department. July 8, 1902.)

1. EMINENT DOMAIN—MEASURE OF DAMAGES.

　　The measure of damages for the appropriation by the state of a portion of a farm for public use is the difference between the value of the farm before and after such appropriation.

2. SAME—SUFFICIENCY OF DAMAGES—JUDGMENT DISREGARDING EVIDENCE.

　　Where claimant's uncontradicted evidence shows that the damages sustained by him by reason of the state's appropriation of a part of his farm are a certain amount, a judgment for a less amount will be reversed.

Appeal from court of claims.

Claim by William D. Lenhart against the state of New York for $2,000 for land appropriated by the state. From a judgment awarding claimant $300, he appeals. Reversed.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

King, Leggett & Brown, for appellant.
John C. Davies, Atty. Gen., for respondent.

KELLOGG, J. The claimant was the owner of a farm of 47 acres, fronting about 500 feet on a highway. Near one end of this frontage was his dwelling house, and near the other end was his barn. The state, in excavating its canal, dumped the material, consisting of sandstone and hardpan, upon the space between the house and barn; covering over about an acre of land, and raising three

¶ 1. See Eminent Domain, vol. 18, Cent. Dig. §§ 364, 367.

conical heaps, from 20 to 30 feet high. The land so taken was theretofore used as a garden and for raising grain. Back of the highway, and about 200 feet from it, runs a ditch some 20 feet or more in width, and 5 feet deep, and the farm extends back across the ditch. The available part of the farm for buildings is the street frontage, in part covered by this dumpage. The state since the filing of this claim for damages has served notice that it appropriates to its own use this land covered by the material taken from the canal; being about one acre, with irregular boundaries. The damages for temporary occupation to the time of appropriating the title are fixed by the court of claims at $100. There is some testimony in the case from which this can be supported. The damage to the plaintiff's farm by reason of carving out this piece, and maintaining these heaps of stone, sand, and hardpan for some 20 and some 30 feet high on the highway front between plaintiff's dwelling house and barn is to be measured by finding the value of the farm before and after the deposit and taking by the state. The plaintiff and two other competent witnesses gave evidence on that subject. The state offered no evidence. All the witnesses agree in fixing the difference in salable or market value to be about $30 per acre for the 47 acres.

In reviewing cases brought to this court from the trial courts on questions of fact, we must recognize the rules of evidence. We must accept the facts established by witnesses, and, when it is apparent that in the court below an award or verdict has been made up without proper regard to the proof, it is the duty of this court to reverse. The learned court of claims in this case seems to have overlooked the proof, or to have ignored it. What that court substituted in lieu of the testimony of the witnesses, we are unable to say.

The judgment of the court of claims is reversed, with costs to plaintiff, and a new trial is granted. All concur.