---

(52 Misc. Rep. 315)

BUFFALO, L. & R. RY. CO. v. PHELPS et al.

(Supreme Court, Special Term, Erie County. December, 1906.)

1. EMINENT DOMAIN—COMPENSATION—ASSESSMENT BY COMMISSIONERS—REVIEW BY COURT.

In reviewing awards of commissioners in condemnation proceedings, the court will not, as a rule, disturb them unless the commissioners acted upon wrong principles or their award is grossly inadequate.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Eminent Domain, §§ 611, 612.]

2. SAME—COMPENSATION—TAKING PART OF TRACT—DEPRECIATION IN VALUE OF WHOLE TRACT—IMPROVEMENTS.

The measure of damages caused by the running of an electric road across a farm is the difference in the value of the farm before it was crossed, and its value after the construction of the road, and in determining its value after the construction of the road, it is proper to consider that the house and other farm buildings added largely to the value of the farm as a whole, and that without them the land itself was not worth $100 an acre, but about $55; that these buildings were not injured; that the road divided the farm into two nearly equal parts; and that the part beyond the

tracks from the buildings was really the only portion of the farm that was seriously damaged.

[Ed. Note.—ɪʼor cases in point, see Cent. Dig. vol. 18, Eminent Domain, § 368.]

3. SAME—REMEDIES OF OWNERS OF PROPERTY—EVIDENCE—SUFFICIENCY.

Evidence in condemnation proceedings examined, and *held* not to show such a gross inadequacy in the amount of the award as to justify a refusal to confirm.

Condemnation proceedings by the Buffalo, Lockport & Rochester Railway Company against John A. Phelps and others. Motion by plaintiff to confirm report of commissioners to appraise· damages of defendant John A. Phelps. Confirmed.

George F. Thompson, for the motion.

John H. Leggett, opposed

WHEELER, J. The confirmation of the commissioners' report is opposed on the ground that the award is inadequate, and that the commissioners proceeded upon an erroneous theory in arriving at the damages in this case.

It appears that the plaintiff called no witnesses in its behalf, and all the witnesses sworn testified on the part of the owner. Some six witnesses gave their testimony as to values and the damage sustained, and on their direct examination testified before the commissioners that the value of the farm of the defendant before it was crossed by the plaintiff railway was about $7,100, or at the rate of $100 per acre, and that after the construction of the plaintiff's road it was or would be worth from about $2,100 to $2,500 less. The commissioners awarded $1,100, and the defendant contends that this award was in direct opposition to the evidence in the case, and their report should not be confirmed. It appears the defendant's farm consisted of about 71 acres, running back from the highway, and that the plaintiff's electric road crossed the farm, dividing it into nearly two equal parts; that there were some 34 acres on the south end of the farm, beyond the line of the railway in question; that the house and usual farm buildings stood on the north part of the farm, near the highway.

On cross-examination of the defendants' witnesses by the counsel for the plaintiff, they were questioned as to their method in arriving at the estimated damages stated by them on tʜ ʼr direct, and· many facts were brought out on such cross-examination tending to weaken the force of their direct evidence as experts, and to discredit the reliability of their judgment as to the extent of the injury actually sustained. The general trend of that cross-examination was directed to showing that the house and farm buildings added largely to the value of the farm as a whole, and that without them the land itself was not worth $100 an acre. The contributive value of these buildings was placed by defendants' witnesses at from $3,000 to $3,600. These buildings were not injured, and upon this basis the land itself would be worth about $55 per acre. Some at least of defendants' witnesses admitted on their cross-examination that these 34 acres beyond the tracks was really the only portion of the farm the value

of which was seriously impaired by the construction of the plaintiff's road, and some of these stated on their cross-examination that the depreciation of this part was one-half by reason of the plaintiff's road, and this would leave the damage less than $900. This line of cross-examination by plaintiff's counsel met with varying success with the different witnesses. To what extent their testimony or reliability as experts on land values was impaired or affected by their cross-examination was, of course, a question which rested entirely with the commissioners themselves. In any event, it could be properly argued that the award was in fact in excess of the damages shown to have been sustained, as developed by their cross-examination. Moreover, greater latitude is given commissioners in condemnation proceedings in determining the extent of damages than is enjoyed by officials in most other judicial proceedings. The commissioners must be freeholders of the judicial district where the property is situated. They must view the premises. They must hear the proofs and allegations of the parties, but in determining the compensation to be paid are at liberty to act largely upon their own best judgment as to the amount to be awarded, aided, of course, by such proofs as may be offered for that purpose, and from their personal view of the premises. In reviewing such awards the court will not, as a rule, disturb them unless the commissioners acted upon wrong principles, or their award is grossly inadequate. Matter of Boston Road, 27 Hun, 409, Matter of Mayor, 99 N. Y. 569, 2 N. E. 642; Matter of Union Elevated R. Co., 55 Hun, 163, 7 N. Y. Supp. 853; Matter of Newton (Sup.) 19 N. Y. Supp. 573; Matter of City of Rochester, 137 N. Y. 243, 33 N. E. 320. We cannot discover that the evidence as a whole discloses any error in principle, or such a gross inadequacy in the amount of the award as calls for a refusal of this court to confirm.

The case of Lenhart v. New York, 75 App. Div. 162, 77 N. Y. Supp. 397, cited by the counsel for the owner, is distinguishable. That was a case of an appeal from a judgment of the Court of Claims where the state offered no evidence, and the only evidence before the court was that offered on behalf of the claimant. The Appellate Division held that in reviewing cases brought to that court from trial courts on questions of fact it must recognize the rules of evidence, and where it appeared the award or verdict of the court below was made up without proper regard to the proof it was the duty of the court to reverse. The Court of Claims, however, is differently constituted from a condemnation commission. The members of the Court of Claims are not required to personally view premises, and are not named or selected for their supposed peculiar qualifications or knowledge of values of property in the neighborhood of that condemned. For such reasons the Court of Claims might well be deemed to be more strictly bound by the sworn testimony of witnesses than commissioners in appraisal proceedings, where a view of the premises is imperative for the very purpose of aiding their judgment as to the compensation to be made.

The usual order of confirmation is granted.